UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., #274477,<br><br>       Plaintiff,<br><br>vs.<br><br>Robert Fitzsimmons, Attorney, Public Defender,<br>   Fairfield County;<br>Jarrett Douglas, Officer, Fairfield County Sheriff<br>   Office;<br>Charles Gonzalez, Officer, Sheriff Deputy;<br>Carol A. McCurry, Solicitor;<br>Barbara McIlwain, Victim;<br><br>       Defendants.<br>_____ | C/A No. 8:09-2249-TLW-BHH<br><br><br><br>Report and Recommendation |

The plaintiff, Jimmy Campbell, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants various people involved in the state criminal proceedings which resulted in Plaintiff's current incarceration. Plaintiff claims the Defendants violated his civil rights during the state criminal proceedings. Plaintiff seeks monetary damages, as well as immediate release from prison. Plaintiff previously filed two substantially similar complaints in this Court against the same five defendants, *Campbell v. Fitzsimmons, et al.*, C/A No. 8:08-3805-TLW (D.S.C.) and *Campbell v. McIlwain, et al.,* C/A No. 8:09-1156-TLW (D.S.C.), which were dismissed, without prejudice, for failure to state a claim in March 2009 and July 2009,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

respectively. The complaint in this case is subject to dismissal for the same reasons as previously explained to Plaintiff in the Report and Recommendations issued in the prior cases. Because Plaintiff has filed basically the same complaint, without showing that his criminal conviction has been invalidated, this case should be dismissed as frivolous, as well as for failure to state a claim.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The following discussion is substantially the same as the discussion provided in Plaintiff's prior cases, because the complaint is basically the same and the law has not changed. Plaintiff has not successfully invalidated his conviction.

Plaintiff has styled his claim as one cognizable under 42 U.S.C. § 1983.[2] He not

---

[2] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

3

only requests monetary damages, he also seeks release from prison based on his § 1983 action being construed as a writ of habeas corpus. To seek release from prison, Plaintiff must file a separate action pursuant to a federal habeas corpus statute. Because Plaintiff is "a person in custody pursuant to the judgment of a State court", 28 U.S.C. § 2254 is the appropriate habeas statute.[3] 28 U.S.C. § 2254(a). Although § 1983 and § 2254 both provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Plaintiff appears to allege violation of his Fourth Amendment rights,[4] as well as possible state law torts, through false arrest and malicious prosecution by the Defendants. Plaintiff does not allege any facts that indicate he has obtained a favorable outcome in relation to his contested arrest and prosecution. As noted, Plaintiff is currently incarcerated and seeks monetary damages.

---

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

[3] Plaintiff has already filed a habeas action in this Court pursuant to § 2254, which was denied. *See Campbell v. Warden*, 8:06-2643-TLW-BHH (D.S.C.). Any subsequent § 2254 habeas petition is subject to being dismissed as successive under 28 U.S.C. § 2244(b).

[4] "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

Plaintiff's claims for damages pursuant to § 1983 should be dismissed because they are filed prematurely. The Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994).[5]

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87; *see Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement); *see also Schilling v. White*, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). A favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate

---

[5] The requirement is similar for a malicious prosecution claim. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."*Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement. The complaint should be dismissed without prejudice to allow Plaintiff to file his claims after successfully challenging his conviction through appropriate avenues.

In as much as the complaint could be construed as claiming false arrest, *Heck v. Humphrey* does not act as an impediment to filing a false arrest claim. *Wallace v. Kato*, 549 U.S. 384 (2007) (false arrest claim seeking damages for violation of Fourth Amendment accrues at arrest, not when conviction is set aside). Although Plaintiff may bring his false arrest claim at this time, the complaint fails to state a claim for false arrest. The complaint claims "unlawful warrants" and "no probable cause to arrest" Plaintiff. The complaint also indicates Plaintiff was arrested with a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996)(when arresting official makes the arrest with a facially valid warrant it is not false arrest). A copy of the arrest warrant was attached to the complaint in Plaintiff's prior case, *Campbell v. Fitzsimmons*, C/A No. 8:08-3805-TLW (D.S.C.)[6]. Although the warrant is very difficult to read, it has the signature of a judge and appears to state that the victim identified Plaintiff as the perpetrator. The warrant is facially valid. It is not the duty of the arresting officer to assess guilt or

---

[6] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

innocence, but merely to serve the warrant.

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (footnote omitted). An arresting officer is generally entitled to rely on a facially valid warrant in effecting an arrest. The complaint fails to state a claim under § 1983 for violation of the Fourth Amendment upon which relief may be granted.

Because federal jurisdiction does not exist in this case, supplemental jurisdiction for any state law claims does not exist, and the state law claims should also be dismissed. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. This Court should dismiss Plaintiff's Fourth Amendment claim, and thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding

7

issues of state law among non-diverse litigants."). [7]

Plaintiff has filed basically the same complaint in this case as he filed in his prior cases, without showing that his criminal conviction has been invalidated. This case should be considered frivolous, because the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Plaintiff's attention is directed to a statute that addresses frivolous actions filed by prisoners.

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court refers to these frivolous cases as "strikes." Plaintiff has previously been warned in the Report and Recommendation in *Campbell v. McIlwain, et al.,* C/A No. 8:09-1156-TLW (D.S.C.), that yet another complaint challenging Plaintiff's conviction, without showing that his conviction has been invalidated, is subject to being deemed a strike for purposes of limiting Plaintiff's future ability to proceed *in forma pauperis* under § 1915(g). Because Plaintiff has submitted another near-identical, frivolous complaint, this case will be deemed a "strike" under 28 U.S.C. § 1915(g).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(i) [frivolous]; (ii) [fails to state a claim on which relief may be granted]; 28

---

[7] Plaintiff's state claims may be subject to established time limits for filing certain tort claims. *See* S. C. Code Ann. § 15-3-530.

U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. It is also recommended that this case be deemed a **STRIKE** under 28 U.S.C. § 1915(g).

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

September 1, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).